BEST & RUSSELL COMPANY, Appellant, v. S. W. MEYERFELD, Respondent.

St. Louis Court of Appeals, November 29, 1898.

Attachment: PLEA IN ABATEMENT: EVIDENCE: FRAUD: DEBTOR AND CREDITOR. Evidence in the case examined and held sufficient to support the finding of the court for the plea in abatement in favor of the defendant, where the ground of the attachment as alleged was that the defendant was *about* fraudulently to convey or assign his property or effects so as to hinder or delay his creditors.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

A. C. & H. B. DAVIS for appellant.

The judgment is against the law as declared in the instructions of the court. Leather Co. v. Hard-

ware Co., 57 Mo. App. 297; Sauer v. Baer, 49 Mo. App. 86; Eby v. Watkins, 39 Mo. App. 27; Russell v. Rutherford, 58 Mo. App. 550; Smith v. Ham, 51 Mo. App. 433; Hardware Co. v. Gallant, 53 Mo. App. 423; Elliott v. Keith, 32 Mo. App. 579.

No brief filed for respondent.

BIGGS, J.—This suit is on an account. It was instituted before a justice of the peace by attachment. The ground for attachment was that the defendant was *about* fraudulently to convey or assign his property or effects so as to hinder or delay his creditors. Upon trials of the plea in abatement both before the justice and in the circuit court, the findings and judgments were for the defendant. The plaintiff has appealed to this court from the judgment of the circuit court. On this appeal counsel insist that the judgment on the plea in abatement is against the instructions given by the court.

On the second day of January, 1896, the defendant was a dealer in cigars, pipes, etc., in the city of St. Louis. He had a cigar stand on Sixth street. Some of his stock was in a warehouse on Locust street. He was indebted to the plaintiff. This suit was begun on the day mentioned. The writ of attachment was executed between 9 and 10 o'clock in the morning, and the goods above described were seized and taken possession of by the constable. About two hours later the defendant executed a chattel mortgage on the property to secure a debt that he owed his wife. The defendant testified that he had no intention of securing the debt of his wife until after the levy of the attachment. After the goods had been attached the defendant claimed a portion of the property as exempt, and the exemption was allowed by the constable. With

the exempt portion of the goods as a basis the defendant continued to deal in cigars. Under this proof the court at the instance of the plaintiff instructed the jury as follows:

"First, the court declares the law to be that a chattel mortgage covering stock of goods in which the grantor remains in possession with the knowledge or consent of the mortgagee, and sells the same and used the proceeds for his own use is fraudulent in law."

INSTRUCTIONS.

"Second, the court declares the law to be, that if the defendant immediately after the levy of the attachment executed a fraudulent mortgage covering any or all his property, then the court will find for the plaintiff on the first ground of attachment."

The first instruction states an abstract legal proposition, and is well enough; but it by no means precluded the court from finding the issue on the plea in abatement for the defendant. It is admitted that the defendant did continue to sell cigars, and that his stock in trade consisted of a portion of the goods mortgaged to his wife, but the evidence tends to show that his new stock in trade consisted of the cigars set apart to him under his exemptions.

The second instruction is erroneous, and might well have been refused. It says that if defendant "executed a *fraudulent* mortgage." The facts necessary to be found to render the instrument fraudulent are not stated. But putting this objection aside, the evidence fully justified the court in its conclusion that the mortgage was given solely to secure a valid debt. Counsel for appellant seems to contend that the mere fact that the mortgage was executed a few hours after the attachment furnishes conclusive evidence that the intention to give the mortgage was formed before the attachment. If this be conceded, it does not necessarily

follow that the mortgage was executed for a fraudulent purpose. Against the contention, however, is the testimony of the defendant that he had no thought of securing the debt of his wife until after the plaintiff had attached his property.

There is no error in this record. The judgment of the circuit court will therefore be affirmed. All concur.